CHAMPION MILLING AND GRAIN COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 102106. Promulgated December 10, 1941.

*Perry W. Shrader, Esq.*, for the petitioner.
*Angus R. Shannon, Jr., Esq.*, for the respondent.

990

OPINION.

ARNOLD: Section 26 (c) (1) of the Revenue Act of 1936, set forth in the margin,[1] grants a credit as to the surtax imposed on undis-

---

[1] SEC. 26. CREDITS OF CORPORATIONS.

In the case of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax—

  *     *     *     *     *     *     *

(c) CONTRACTS RESTRICTING PAYMENT OF DIVIDENDS.—

(1) PROHIBITION ON PAYMENT OF DIVIDENDS.—An amount equal to the excess of the adjusted net income over the aggregate of the amounts which can be distributed within the taxable year as dividends without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends.   *   *   *

tributed profits where a corporation is prohibited by contract from paying dividends. The statute requires that the contract be in writing, that it be executed prior to May 1, 1936, and that the provision thereof which would be violated by a dividend distribution expressly deals with the payment of dividends. Petitioner's entire argument is premised upon the proposition that the trust deed provisions meet the statutory requirements.

We can not agree. In our opinion the trust deed of November 24, 1930, which was the only written contract executed prior to May 1, 1936, was not such a contract as is contemplated by the statute. It does not expressly restrict the payment of dividends. On the contrary, it expressly contemplates the declaration of dividends. By implication it restricts dividend payments upon the happening of certain contingencies, but this restriction exists only by implication. Petitioner would have us convert the provisions of article 5 into an express restriction upon a showing made that the contingencies mentioned have happened. But the statute specifically conditions the credit upon a provision which expressly deals with the payment of dividends, and the Supreme Court has held that section 26 is to be strictly construed. *Helvering* v. *Northwest Steel Rolling Mills, Inc.*, 311 U. S. 46. We can not by construction of the contract convert an implied restriction into the express restriction called for by the statute. *Belle-Vue Manufacturing Co.*, 43 B. T. A. 12; *Oregon City Manufacturing Co.*, 43 B. T. A. 212, 214; *Artesian Water Co.*, 43 B. T. A. 408, 414 (now on appeal, C. C. A., 9th Cir.).

Our conclusion as to the legal effect of article 5 of the 1930 trust indenture is fortified by the actions of petitioner and the City National Bank. Under the proposed plan a new trust deed was to be executed, which carried the same article 5 as appeared in the trust deed dated November 24, 1930. Nevertheless, before the City National Bank would accept the class A bonds and consummate the plan of reorganization, it required petitioner to execute a separate contract on December 12, 1936, which *expressly* restricted the payment of dividends until the interest and principal of petitioner's class A bonds were completely paid. The execution of the contract of December 12, 1936, shows that the parties themselves construed the language of article 5 as insufficient to restrict the payment of dividends. We think effect should be given to their construction. The December 12, 1936, contract is too late, however, in point of time to entitle petitioner to the credit.

*Decision will be entered for the respondent.*